IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RHEASHAD LAMAR LOTT | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv299 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rheashad Lamar Lott, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and the applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Inmates charged with a prison disciplinary offense are entitled to certain procedural safeguards when the punishment imposed implicates a protected liberty interest. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). However, petitioner did lose previously earned good conduct time credits as a result of the disciplinary conviction. As a result, the magistrate judge concluded the punishment petitioner received did not implicate a protected liberty interest and that he was therefore not entitled to any procedural safeguards.

In his objections, petitioner asserts he is not contending he was denied any procedural safeguards. Instead, he contends there was insufficient evidence to support the conviction. However, as the punishment petitioner received did not implicate a protected liberty interest, his contention that there was insufficient evidence to support the conviction need not be considered. *Lineberry v. Federal Bureau of Prisons*, 443 F. App'x 6, 7 (5th Cir. 2011) (citing *Kentucky v. Department of Corrections v. Thompson*, 490 U.S. 454, 460-65 (1989)).

Moreover, there was sufficient evidence to support the conviction. Petitioner was convicted of creating a disturbance. The offense report alleged that petitioner was hiding behind a sheet while an officer was attempting to determine how many inmates were in the cell. The offense report stated that petitioner's action resulted in a significant disruption of operations because the action caused the counting of the inmates to be delayed. Petitioner asserts that the charge against him was not proven beyond a reasonable doubt. He states he was not hiding behind a sheet and that when an officer came to the cell and asked how many people were in the cell, he and his cellmate answered, "both." He also states that at the disciplinary hearing, the charging officer stated that he only glanced in the cell while counting inmates and never got a good look. The officer stated that when he subsequently returned to the cell, he saw both inmates.

In order to withstand federal habeas review, there need only have been "some evidence" to support a prison disciplinary conviction. *Superintendent, Massachusetts Correctional Instittuion v. Hill*, 472 U.S. 445, 446 (1983). The result of a federal prison disciplinary proceeding will be overturned in a federal habeas proceeding "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). As a result, a prison disciplinary charge need not be proven beyond a reasonable doubt. Further, the information contained in a written incident report, standing alone, is sufficient to satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

The offense report provided some evidence that when the charging officer originally came by petitioner's cell, petitioner was hiding behind a sheet, which prevented the officer from being able to properly count the inmates in the cell. This forced the officer to make a second trip to the cell, disrupting operations. While petitioner has put forth reasons why he should have been found not guilty, weighing the evidence presented during a prison disciplinary hearing, including the offense report, is left to the hearing officer and a federal habeas court does not conduct an independent assessment of the evidence. *Hill*, 472 U.S. at 455-56.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his challenge to his disciplinary convictions may be pursued in a writ of habeas corpus is subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved

adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this 3 day of **June, 2015.**

_____
Ron Clark, United States District Judge